UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Skonicki v. Monsanto Co.*,<br>Case No. 3:20-cv-08053-VC | **PRETRIAL ORDER NO. 307: ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE EXPERT GOLDBERG; DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 18956 |

Monsanto's motion to exclude the opinions of the plaintiff's specific causation expert Dr. Jack Goldberg is granted in part and denied in part. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

According to its Reply, Monsanto argues there are four grounds for excluding Dr. Goldberg's opinions: (1) he has no basis to rule in Roundup as a cause of the plaintiff's lymphoma; (2) he does not properly rule out other potential causes; (3) he has no basis for his opinions about the plaintiff's medical bills; and (4) he is not qualified to talk about judicial decisions. Monsanto Reply (Dkt. No. 19508) at 1. Monsanto admits that the first ground has already been ruled on, so its motion is denied as to Dr. Goldberg's process for ruling in Roundup

as a cause of lymphoma. Monsanto Reply at 2–3. The third ground is unrelated to NHL causation, so it will be left for the trial court to rule on. *See* PTO No. 202 (Dkt. No. 9143).

      1. Monsanto's arguments about Dr. Goldberg's ruling out process focus on two potential causes that it argues Dr. Goldberg didn't rule out properly: (1) the plaintiff's exposure to substances other than Roundup (pool chemicals and gasoline), and (2) naturally occurring genetic replication errors. Regarding the first, Monsanto says that Dr. Goldberg can't reliably rule out the possibility that the plaintiff's exposure to pool chemicals or gasoline caused her lymphoma because Dr. Goldberg doesn't know whether the plaintiff had significant exposure to pool chemicals or gasoline. But Monsanto hasn't presented evidence that exposure to either of these chemicals is a possible cause of lymphoma. Nor has it presented evidence to conclude there actually *was* a significant exposure—just having a pool and driving a car are not enough on their own. Monsanto can't just point to any red herring and claim the plaintiff's expert is unreliable because they didn't consider it. This part of its motion to exclude Dr. Goldberg is denied.

      Monsanto's arguments about genetic replication errors barely address Dr. Goldberg's report and do not cite any deposition testimony in which it pressed him to explain his analysis. It also selectively excerpts Dr. Goldberg's report to exclude a portion of his discussion of natural replication errors, which is actually fairly robust. Having failed to properly present the issue, Monsanto has forfeited the right to seek to exclude Dr. Goldberg's testimony on this basis.

      In any event, Dr. Goldberg offers two reasons for ruling out natural replication errors: (1) the theory focuses on cell division in hematopoietic stem cells, whereas Skonicki's cancer started with DNA damage in a mature B cell, not a stem cell; and (2) Skonicki's NHL was likely caused by translocation (rather than a point mutation), which is not typically associated with natural replication errors. A different plaintiff pointed out both of these points in their challenge to Monsanto's primary natural replication error expert, Dr. Tomasetti. *See* PTO No. 289 (Dkt. No. 17841) at 7–8. There, the Court found that Dr. Tomasetti had provided a scientifically plausible explanation to address both arguments. But here, Monsanto only engages with the first. It cites the report of its expert Dr. Jeffrey Craig, who says mature B cells also have the capacity for

DNA replication errors at a low but not insignificant rate. *See* Expert Report of Dr. Jeffrey William Craig, M.D., Ph.D. (Dkt. No. 18956, Ex. H) at 13. That may be true, but it doesn't entirely rebut Dr. Goldberg's point that the natural replication error theories are focused on stem cell replication. And it doesn't address Dr. Goldberg's second point at all. Monsanto may have additional arguments to present in cross examination or trial, but its evidence here is not enough to establish that Dr. Goldberg's explanation is unreliable.

      2. The part of Monsanto's motion that seeks to preclude Dr. Goldberg from offering opinions about his interpretations of court decisions seems targeted at a line from his report saying that the Ninth Circuit vacated a finding by the EPA that glyphosate is not likely to be carcinogenic in humans because it was not supported by substantial evidence. The plaintiff did not respond to Monsanto's argument that Dr. Goldberg is unqualified to offer that kind of testimony, so this part of Monsanto's motion is granted.

      3. Since the plaintiff will be able to call Dr. Goldberg to present specific causation testimony, Monsanto's motion for summary judgment is denied.

      **IT IS SO ORDERED.**

Dated: January 14, 2025

_____
VINCE CHHABRIA
United States District Judge